## Mary E. Stanley, Appellant, v. Charles H. Stanley, Appellee.

1. CHANCERY—*what sufficient adoption of verdict of jury.* A chancellor adopts the verdict of a jury and the findings of that jury as effectively as though he enters an order explicitly to that effect where he overrules of record a motion to set aside such verdict and to grant a new trial and dismisses the bill at the costs of the complainant who was defeated by such verdict.

2. APPEALS AND ERRORS—*when findings of fact in chancery will not be disturbed.* Where the evidence in a suit in chancery is conflicting, the witnesses having been examined orally in open court, an error in a finding of fact must be clear and palpable to authorize a reversal.

3. SEPARATE MAINTENANCE—*when form of issue submitted to jury cannot be complained of.* Where the court has submitted to the jury the issue presented by the bill in the form in which it is so presented, no complaint can thereafter be made by the complainant in such bill of the form of issue submitted.

Separate maintenance. Appeal from the Circuit Court of Fulton county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 17, 1908.

CHIPERFIELD & CHIPERFIELD, for appellant.

O. J. BOYER, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Mary E. Stanley filed a bill for separate maintenance and support against her husband, Charles H. Stanley, in the Circuit Court of Fulton county, upon which an issue of fact was submitted to a jury. There was a verdict in favor of Charles H. Stanley upon the return of which the court dismissed the bill at the costs of the complainant therein and this appeal followed.

In her bill appellant as a basis of her right to have separate support and maintenance charged that on or about July 18, 1906, the said Charles H. Stanley attempted to commit adultery with Gladys Roberts, a female child under the age of fourteen years, in the city of Canton, Fulton county, Illinois, and that following said act upon his part, and when reproached therewith, by appellant, he did desert and abandon appellant and left his home, and has since the first of July, refused and neglected to live with appellant or to furnish her with any means of support whatever, but has left appellant to pay the bills that were incurred prior to his departure for household expenses.

This charge was denied by appellee in his answer and upon trial had, the jury returned a verdict that on the date of the commencement of the suit Mary E. Stanley was not living separate and apart from her

husband without fault on her part. In the decree rendered disposition of the case was made in the following language:

"This cause coming on to be heard upon the verdict of the jury and the complainant having moved the court to set aside the verdict of the jury and grant a new trial, and the court having overruled said motion, to which complainant duly excepted, it is ordered, adjudged and decreed by the court that the complainant's said bill be, and the same is hereby dismissed, with costs to the defendant to be taxed."

Appellant insists that the decree is erroneous in that it fails to show that the chancellor approved the finding of the jury. Upon this contention we hold that the language employed in the decree, overruling the motion to set aside the verdict and to grant a new trial and dismissing the bill, was in substance an adoption by the court of the verdict of the jury as its findings and as effective as though the court had in express terms found that appellant had failed to prove the charge made in her bill and upon such finding had dismissed the cause.

Appellant next contends that the issue was improperly presented to the jury upon the ground that it ignored the question of desertion claimed to be an excuse or justification for appellant's living separate and apart from her husband. We fail to see, however, how the jury could have been misled or appellant's cause in any way prejudiced by the method adopted by the court in submitting the question. The issue as framed and submitted to the jury, followed the charge as made and set out in appellant's bill. The only desertion charged was that which was alleged to follow appellant's reproaching appellee with an attempt to commit adultery with Gladys Roberts. There is no charge or claim of any desertion separate and distinct from the one associated with and following the reproach for the alleged adultery. Appellant in her bill has stated her claim to a right to live separate and

apart from her husband to consist in such alleged associated acts, and she seems to have tried her case and to have asked instructions, upon the theory that unless the alleged adultery was established upon the part of appellee, appellant was not living separate and apart from him without her fault. The issue was one of fact and upon a mass of conflicting evidence the jury were called upon to determine whether or not appellee was guilty of the adultery alleged, and whether or not appellant had been thereby compelled to live separate and apart from appellee without fault upon her part. The jury found that the issue as presented by appellant was not sustained by her and we see no good reason for disturbing the verdict of the jury and the finding of the chancellor. Where the evidence in a suit in chancery is conflicting and the witnesses have been examined orally in open court, the error in the finding of fact must be clear and palpable to authorize a reversal. Ward v. Ward, 103 Ill. 482; Baker v. Rockabrand, 118 Ill. 370.

Some criticism is made by appellant upon the action of the trial court in the admission and rejection of evidence and in the giving and refusing of instructions, but we find no material or prejudicial error in either respect.

The case seems to have been fully and fairly tried; the court gave twelve instructions for appellant and seven for appellee which as a series stated the law applicable to the case fully and fairly.

Appellant failed to establish the charge of desertion as made in her bill and her suit was properly dismissed. The decree of the Circuit Court is affirmed.

*Affirmed.*